UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUDITH A. PATRICK, *et al.*, : Case No.: 1:05-cv-681
Barrett, J.; Black, M.J.
Plaintiffs, :

vs. :

AK STEEL CORPORATION, *et al.*, :

Defendants.

REPORT AND RECOMMENDATION[1] THAT PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT DETERMINING THE INTERPRETATION OF
AK STEEL'S NONCONTRIBUTORY PENSION PLAN (Doc. 26) BE GRANTED;
AND THAT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
ON PLAN INTERPRETATION (Doc. 27) BE DENIED.

  This civil case is brought as a proposed class action by two widows of former employees of defendant AK Steel. The widows allege that AK Steel has wrongfully reduced the amount of benefits due to be paid to them under AK Steel's pension plan by not properly interpreting the plain language of the pension plan. The case is now before the Court upon cross motions for entry of partial summary judgment on plan interpretation. (See Docs. 26, 27, 28 & 29.)

  More specifically, the plaintiff widows maintain that the AK Steel pension plan promised them a Surviving Spouse's Benefit equal to half of their husband's monthly pension payment, reduced by one half of their Social Security widow's benefit; – but that AK Steel has arbitrarily and capriciously reduced their benefits by unreasonably interpreting the language of the pension plan to permit the reduction to include one half of their entire Social Security benefit, not just their widow's benefit.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

The Plan provision at issue provides:

> Commencing with the first Surviving Spouse's Benefit payable after the Surviving Spouse attains the age at which widow's or widower's benefits are first provided under a Public Pension, **the amount of the Surviving Spouse's Benefit** otherwise payable for any month **shall be reduced by 50% of the amount of the widow's or widower's benefit** to which the Surviving Spouse is or upon application would be entitled to receive for such month based on the law in effect at the time the Surviving Spouse's Benefit first becomes payable (without regard to any offset or suspension imposed by such law) **based upon the benefit payable to such person as a widow or widower <u>without regard to any benefit earned in his or her own right</u>.**

*See* Doc. 26, Ex. A, AK Steel Corporation Noncontributory Pension Plan ("the Plan"), Article 8.3(d) (emphasis supplied).

The Plan language sets the deduction from an AK Steel surviving spouse's benefit at half the amount "payable to such person as a widow or widower without regard to any benefit earned in his or her own right." This language requires AK Steel to calculate the deduction as one half of the widow's benefit and not one half of the amount earned by the widow in her own right.

"The widow's or widower's benefit" is a specific amount that the Social Security Administration calculates upon the spouse's death, distinct from the benefit earned in a beneficiary's own right. Here, AK Steel combines "the benefit payable to such person as a widow or widower" with the "benefit earned in his or her own right" and thereby inflates the deduction so as to lower the pension benefit. However, if the intent of the Plan was to base the reduction to the Surviving Spouse's Benefit on the widow's total Social Security entitlement, and not merely her Social Security widow's benefit, the Plan could simply have said so. It does not.

The only reasonable interpretation of the Plan language is that the Plan requires that the actual Social Security widow or widower's benefit be the reference point for the reduction to the Surviving Spouse's Benefit: this is because the Plan speaks to "the widow's benefit to which a beneficiary is entitled," and it refers to the one "payable to the widow as a widow." The Plan does not refer to a hypothetical benefit based solely on her decedent's service.

AK Steel workers received a promise that their widows would receive half of their late spouse's pension benefit, less half of the survivor's widow's benefit. This clear provision of the Plan cannot be breached arbitrarily by an unreasonable interpretation of the Plan. AK Steel's interpretation departs from the plain language of the Plan. Although AK Steel seeks to rationalize its justification for its interpretation upon a desire to effect equal pension payments based on equal work histories at AK Steel, for an interpretation to be "reasonable" and entitled to full deference, the interpretation must be reasonable "based on the language of the Plan." *Shelby County Health Care Corp. v. Southern Council of Indus. Workers Health and Welfare Trust Fund*, 203 F.3d 926, 935 (6th Cir. 2000).

Here, the Plan's plain language requires that only half of the widow's benefit, and not half of their own earned Social Security benefit, shall be deducted from their half share in their late husbands' pension benefits.

The Summary Plan Description documents provided to the plaintiffs further led them to believe that half of their Social Security widow's benefits, not half of their own-earnings benefits, would be used to reduce their survivors' pensions. Indeed, at one point in time, the SPD documents expressly provided:

> In effect, this feature insures that at least 50% of your pension will ALWAYS be guaranteed for your survivor.
> (*See* Doc. 27, Tab H, at p. 21).

Thus, the SPD documents reinforce the promise of a pension benefit reduced by half the widow's benefit and certainly do not advise that the pension benefit will be reduced by one-half of the old-age benefit payable to the widow.

In this case, the undersigned acknowledges that "[w]hen a plan administrator has discretionary authority to determine benefits, [the Court] will review a decision to deny benefits under 'the highly deferential arbitrary and capricious standard of review.'" *Sanford v. Harvard Indus., Inc.*, 262 F.3d 590, 595 (6th Cir. 2001) (quoting *Yeager v. Reliance Standard Life Ins. Co.*, 88 F.3d 376, 380 (6th Cir. 1996)).

However, as noted by the Sixth Circuit, merely because the review is deferential does not mean that it is inconsequential. *Moon v. UNUM Provident Corp.*, 405 F.3d 373, 379 (6th Cir. 2005). As the Court of Appeals has stated: "[t]he arbitrary-and-capricious ... standard does not require us merely to rubber stamp the administrator's decision." *Jones v. Metropolitan Life Ins. Co.*, 385 F.3d 654, 661 (6th Cir. 2004) (citing *McDonald v. Western-Southern Life Ins. Co.*, 347 F.3d 161, 172 (6th Cir. 2003)). That is,

"[d]eferential review is not no review, and deference need not be abject." *McDonald*, 347 F.3d at 172. Moreover, when, as here, the Plan sponsor appoints the body that decides claims and bears the risk of paying them, the "courts should be particularly vigilant" because "the potential for self-interested decision making is evident." *University Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 847 n. 4 (6th Cir. 2000). Such a conflict of interest weighs in favor of finding that an interpretation is unreasonable and therefore arbitrary and capricious. *Id.* at 846; *see also Calvert v. Firstar Finance, Inc.*, 409 F.3d 286, 293 n. 2 (6th Cir. 2005).

The chief purpose in enacting ERISA was to "protect ... employees' expectations of pension benefits." *A-T-O, Inc. v. Pension Ben. Guaranty Corp.*, 634 F.2d 1013, 1021 (6th Cir. 1980); *see also Central Laborers Pension Fund v. Heinz*, 541 U.S. 739, 743 (2004). Thus, under ERISA, the expectations of AK Steel workers who received a promise that their widows would receive half of their late spouse's pension benefit, less half of the survivor's widow's benefit, cannot be breached arbitrarily by an unreasonable interpretation of the Plan. And here, AK Steel's interpretation flies in the face of the plain language of the Plan that the survivor's widow's benefit "shall be based upon the benefit payable to such person as a widow or widower <u>without regard to any benefit earned in his or her own right</u>." (Emphasis supplied).

Accordingly, there being no genuine issue of material fact with respect to the provision of the Plan relating to calculation of Surviving Spouse Benefits, and plaintiffs being entitled to judgment as a matter of law that such provision of the Plan makes it improper for AK Steel to reduce Surviving Spouse Benefits by one-half of the Social Security benefits the widows earned in their own right, the undersigned hereby RECOMMENDS that the plaintiff's motion for partial summary judgment as to plan interpretation (Doc. 26) BE GRANTED and defendants' motion for summary judgment (DOC. 27) BE DENIED.

Date: 9/28/07

Timothy S. Black
United States Magistrate Judge

-4-

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDITH A. PATRICK, *et al.*, | : | Case No.: 1:05-cv-681 |
| | | Barrett, J.; Black, M.J. |
| Plaintiffs, | : | |
| vs. | : | |
| AK STEEL CORPORATION, *et al.*, | : | |
| Defendants. | | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof. That period may be extended by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).