Judith A. Patrick, *et al.*,

        Plaintiffs,

    v.                          Case No. 1:05cv681

AK Steel Corporation, *et al.*,           Judge Michael R. Barrett

        Defendants.

## OPINION & ORDER

This matter is before the court upon Plaintiffs' Renewed Motion for Class Certification (Doc. 31), Defendants' Memorandum in Opposition (Doc. 46); and Plaintiffs' Reply (Doc. 48).

## I.    BACKGROUND

Plaintiffs bring this action pursuant to Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.* In their Complaint, Plaintiffs allege that AK Steel has wrongfully reduced the amount of benefits due to be paid to them under AK Steel's pension plan ("Plan") by not interpreting properly the plain language of the Plan. (Doc. 1) This Court granted Plaintiffs' Partial Motion for Summary Judgment and found in favor of Plaintiffs on that issue. (Doc. 43)

Plaintiffs move to certify this matter as a class action on behalf of named plaintiffs Judith A. Patrick and Eunice L. Lemkuhl, and the class consisting of:

> all beneficiaries of the AK Steel Corporation Noncontributory Pension Plan entitled to a Surviving Spouse Benefit under the Plan, whose benefit has been reduced due to the surviving spouse's eligibility for Social Security benefits earned in his or her own right, and their heirs and assigns.

Plaintiffs allege that as a regular practice, Defendants reduced the benefits of Plaintiffs and other widows and widowers who have their own Social Security earnings histories, by 50% of the benefit earned by each survivor in his or her own right, in addition to the deduction of 50% of the Social Security widow's or widower's benefit. (Doc. 1, ¶¶ 32, 36, 42) Plaintiffs argue that in the briefing on the summary judgment motions, Defendants confirmed this regular practice. (Doc. 19 at 1-8)

Plaintiffs allege that they present common questions of law and fact for adjudication, including:

a. whether the plaintiffs were injured by such violations;

b. whether the class is entitled to appropriate equitable relief;

c. what equitable relief is appropriate;

d. what damages and interest are payable to the class for defendants' violation of the terms of the Plan; and

e. whether defendants violated their fiduciary duties adequately to fund the Plan.

(Doc. 1, ¶¶ 14, 53-59, 62-67)

## II.   ANALYSIS

The party seeking class certification bears the burden of proof to establish that class certification is appropriate. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). Under Rule 23, the prerequisites to maintaining a class action are that:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed.R.Civ.P. 23(a). These factors are normally referred to as numerosity, commonality,

typicality, and adequacy of representation. A class must meet all of these prerequisites plus one of those listed in Federal Rule of Civil Procedure 23(b) to be certified. *Amchem Prods., Inc.*, 521 U.S. 591, 614 (1997); *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998). In this analysis, a court must not inquire into the merits of the underlying claims of the class representative. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974). In addition, a court should accept as true the plaintiff's allegations in the complaint. *McGee v. East Ohio Gas Co.*, 200 F.R.D. 382, 387 (S.D.Ohio 2001), *citing Shelter Realty Corp. v. Allied Maint. Corp.*, 574 F.2d 656, 661 n.15 (2d Cir. 1978); *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975); *Mayo v. Sears, Roebuck & Co.*, 148 F.R.D. 576, 579 (S.D.Ohio 1993).

However, before delving into the "rigorous analysis" required by Rule 23, a court first should consider whether a precisely defined class exists, and whether the named plaintiffs are members of the proposed class. *Bentley v. Honeywell Intern., Inc.*, 223 F.R.D. 471, 477 (S.D.Ohio 2004).

### A.    Class definition

While class definitions are obviously individualized to the given case, important elements of defining a class include: (1) specifying a particular group at a particular time and location who were harmed in a particular way; and (2) defining the class such that a court can ascertain its membership in some objective manner. *McGee*, 200 F.R.D. at 387, *citing Crosby v. Social Sec. Admin.*, 796 F.2d 576, 580 (1st Cir. 1986).

Defendants object to the class definition to the extent that it includes "heirs and assigns." Defendants explain that there is nothing in the Plan that allows for assignment or survivorship of benefits. Plaintiffs respond that ERISA claims survive the beneficiaries'

death.

Because Congress intended ERISA to be remedial, ERISA actions survive death. *Harrow v. Prudential Ins. Co. of America*, 279 F.3d 244, 248 (3d Cir. 2002); *Geissal ex rel. Estate of Geissal v. Moore Medical Corp.*, 338 F.3d 926, 931 (8th Cir. 2003) (holding that estate may recover benefits under § 1132(a)(1)(B)). Therefore, "heirs and assigns" are properly made a part of the class definition to the extent that the "heirs and assigns" of deceased beneficiaries have a right to recover benefits which should have been paid to the beneficiaries before their death. However, the Court finds that the definition of the class should be altered to clarify this limitation. Accordingly, the Court finds the proper definition to be:

> all beneficiaries of the AK Steel Corporation Noncontributory Pension Plan entitled to a Surviving Spouse Benefit under the Plan, whose benefit has been reduced due to the surviving spouse's eligibility for Social Security benefits earned in his or her own right, and their heirs and assigns entitled to recover benefits which should have been paid during the lifetime of the beneficiary.

### B.   Requirements of Rule 23(a)

Plaintiffs argue that all the requirements of Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied.

#### 1.   *Numerosity*

A proposed class will satisfy the numerosity requirement only when joinder is impracticable. *In Re American Medical Systems, Inc.*, 75 F.3d 1069,1079 (6th Cir.1996); *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D.Ohio 1992) (explaining that plaintiff need not demonstrate that it would be impossible to join all the class members; rather, he need simply show that joinder would be difficult and inconvenient). While an unsubstantiated

guess at the number of potential class members is not enough to meet the requirement, there is no strict numerical test for determining if the number of a proposed class is substantial. *Golden v. City of Columbus*, 404 F.3d 950, 966 (6th Cir. 2005).

Defendants argue that further discovery is necessary to demonstrate that the numerosity prerequisite is met. Plaintiffs point to the Plan's Form 5500 Annual Report for 2005 which indicates that the Plain has nearly 5,000 "deceased participants whose beneficiaries are receiving or are eligible to receive benefits." (Doc. 31, Ex. B) Plaintiff argues that all of the widows among those 5,000 who ever entered the private workforce, and thus became eligible for Social Security benefits in their own right, were subject to Defendants' erroneous calculation of their pension benefit as soon as they became eligible for a Social Security widow's benefit. Plaintiff cites to the U.S. Census statistics for the Middletown, Ohio area in the last census, which show that 47.7% of married women whose husbands were employed held jobs of their own. (Doc. 48, Ex. B) Plaintiffs also cite to the Plan's report for 2006 which shows 23,541 other participants. (Doc. 48, Ex. A) Plaintiffs argue that all of these employees and retirees' spouses, if they have their own work histories, continue to enter the changing population of widows who become subject to Defendants' interpretation of the Plan.

In addition, Plaintiffs explain that they have received documents from Defendants in discovery which show that there are at least 259 surviving spouse beneficiaries who are potential class members. (Doc. 52)

In ruling on a class action, the district court may consider reasonable inferences drawn from facts before it at that stage of the proceedings to make a determination that a class is sufficiently numerous to make joinder impracticable. *Senter v. General Motors*

*Corp.*, 532 F.2d 511, 523 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *see also Putnam v. Davies*, 169 F.R.D. 89, 93 (S.D.Ohio 1996) ("It is reasonable to infer from the facts in this case that the size of the potential class will number in the thousands and will be ever changing."), *citing Senter*, 532 F.2d at 523. Based on the statistics cited to the Court by Plaintiffs, the Court finds that Plaintiffs have satisfied the numerosity requirement.

### 2. *Commonality*

The commonality requirement of Rule 23(a) is met when "[i]t is unlikely that differences in the factual background of each claim will affect the outcome of the legal issue." *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 570 (6th Cir. 2004), *citing Califano v. Yamasaki*, 442 U.S. 682, 701 (1979). Commonality exists "as long as the members of the class have allegedly been affected by a general policy of the defendant, and the general policy is the focus of the litigation." *Day v. NLO, Inc.*, 144 F.R.D. 330, 333 (S.D.Ohio 1992) (quotation omitted).

Defendants concede that Plaintiffs have met the commonality requirement, and the Court finds that Plaintiffs have met the commonality requirement.

### 3. *Typicality*

Rule 23(a) requires that the class representative's claims be typical of the class members. F.R.C.P. 23(a)(3). The typicality requirement will be met if there is a sufficient relationship between the injury to the named plaintiff and the conduct affecting the proposed class. *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000), *citing Sprague*, 133 F.3d at 339. In other words, in order to satisfy typicality and for a class representative to adequately represent the class, in proving his or her own claims, a representative must be able to advance the interests of the other class members. *Sprague,* 133 F.3d at 399

("The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class."). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Id.*, *quoting American Med. Sys.*, 75 F.3d at 1082.

However, "[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought to be represented, the typicality requirement is usually met irrespective of varying fact patterns which underlie individual claims." 1 Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3.13 (3d ed. 1992). Similarly, "[t]he putative class members claims may differ in the amount of damages due to each individual, but that feature alone is not fatal to a finding of typicality. *Bentley v. Honeywell Intern., Inc.*, 223 F.R.D. 471, 484 (S.D.Ohio 2004), *citing Olden v. LaFarge Corp.*, 203 F.R.D. 254, 270 (E.D.Mich. 2001).

Defendants maintain that it is necessary to depose the class representatives to determine if the conclusory allegations offered to meet the typicality requirement is supported by specific facts. However, this Court should accept as true Plaintiff's allegations in the Complaint. Moreover, the Court finds that the typicality requirement is satisfied because the claims of the widows and widowers arise from the same course of conduct. *Accord Dalesandro v. International Paper Co.*, 214 F.R.D. 473, 483 (S.D. Ohio 2003), *citing In re American Medical Sys., Inc.*, 75 F.3d 1069, 1082 (6th Cir. 1996). Other widows with their own work history will be subject to the same interpretation of the Plan, and therefore there is a sufficient relationship between the injury to the named plaintiffs and the conduct affecting the proposed class.

Based on the foregoing, the Court finds that Plaintiffs have met the typicality requirement.

### 4. *Adequacy*

The final requirement of Rule 23(a) is that the class representative will adequately represent the interests of absent class members. F.R.C.P. 23(a)(4). This requirement protects the due process rights of absent class members because a final decision is binding on all members. *In Re American Medical Systems, Inc.*, 75 F.3d at 1083, *citing Hansberry v. Lee*, 311 U.S. 32 (1940). The Sixth Circuit has set forth two criteria for determining adequacy of a class representative: (1) the representative must share common interests with unnamed class members, and (2) it must be apparent that the class representative will vigorously represent those common interests through qualified counsel. *Id.*, *citing Senter.*, 532 F.2d at 525.

Defendants also argue that it is necessary to depose the class representatives to determine if the adequacy requirement has been met. However, when presented with a uniform practice under an ERISA plan, this Court has found that where the plaintiffs' are able to satisfy the typicality and commonality requirements, the adequacy of representation requirement is usually satisfied. *Dalesandro,* 214 F.R.D. at 483, *citing Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626 n.20 (1997) ("The adequacy-of-representation requirement tends to merge with the commonality and typicality criteria of Rule 23(a), which serve as guideposts for determining whether maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence.")

Based on the foregoing, the Court finds that Plaintiffs have met the adequacy

requirement.

**C.    Requirements of Rule 23(b)**

Because the Court has found Plaintiffs' putative class to be adequately defined and to have fulfilled the prerequisites of Rule 23(a), it must now determine whether the proposed class satisfies the additional requirements of Rule 23(b). Plaintiffs argue that the class satisfies the requirements of certification under Rules 23(b)(1), 23(b)(2), and 23(b)(3).

### 1.    *Certification under Rule 23(b)(1)*

Under Rule 23(b)(1), a class may be certified if:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

> (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

> (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impeded their ability to protect their interests.

As one district court recently explained: "Rule 23(b)(1)(A) "considers possible prejudice to the defendants, while 23(b)(1)(B) looks to possible prejudice to the putative class members." *In re Delphi Corp. Securities, Derivative & "ERISA" Litigation*, 248 F.R.D. 483, 495 (E.D.Mich. 2008), *citing In re IKON Office Solutions, Inc. Sec. Litig.*, 191 F.R.D. 457, 466 (E.D.Pa. 2000).

The Court finds that the requirements of Rule 23(b)(1) are satisfied here. If the claims of the class members were adjudicated individually, Defendants would be subject to incompatible standards with regards to the calculation of benefits. In addition, Plaintiffs' claims will, as a practical matter, adjudicate the interests of all widows under the Plan.

Therefore, the Court concludes that the proposed class satisfies the requirements of Rule 23(b)(1).

## 2. *Certification under Rule 23(b)(2)*

Rule 23(b)(2) permits class certification where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2). Rule 23(b)(2) is applicable in cases where the predominant relief sought is declaratory or injunctive in nature. *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002). Rule 23(b)(2) "does not extend to cases in which the appropriate final relief relates exclusively or predominately to money damages." Fed.R.Civ.P. 23, advisory committee notes. This Court has explained that:

> A court considering a (b)(2) certification should satisfy itself that: "(1) even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought; and (2) the injunctive or declaratory relief sought would be both reasonably necessary and appropriate were the plaintiffs to succeed on the merits."

*Bentley v. Honeywell Intern., Inc.*, 223 F.R.D. 471, 486 (S.D.Ohio 2004), *quoting Robinson v. Metro-North Commuter Railroad Co.*, 267 F.3d 147, 164 (2d Cir. 2001).

In addition to damages, Plaintiffs seek injunctive relief in the form of an order directing Defendants to calculate their benefits without reducing Surviving Spouse benefits by one-half of the Social Security benefits earned in their own right. As such, "this is a classic 23(b)(2) case, where defendant's alleged actions are generally applicable to the class as a whole and injunctive relief would be appropriate if entitlement to relief is established." *Kennedy v. United Healthcare of Ohio, Inc.*, 206 F.R.D. 191, 199 (S.D.Ohio 2002), *citing Caranci v. Blue Cross & Blue Shield of Rhode Island*, 194 F.R.D. 27, 40

(D.R.I. 2000). Therefore, the Court concludes that the proposed class satisfies the requirements of Rule 23(b)(2).

### 3. *Certification under Rule 23(b)(3)*

Rule 23(b)(3) permits class certification where "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed.R.Civ.P. 23(b)(3).

Rule 23(b)(3) permits certification where a class suit "may nevertheless be convenient and desirable." *Amchem Products*, 521 U.S. at 615, *quoting* Adv. Comm. Notes. To qualify for certification under Rule 23(b)(3), a class must meet two requirements beyond the Rule 23(a) prerequisites: common questions must predominate over any questions affecting only individual members; and class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy. *Id.*

The Court finds that the class is "properly certifiable under Rule 23(b)(3) because common questions of law (the proper interpretation of the plan) predominate over individual questions." Dalesandro, 214 F.R.D. at 484. The only individual questions would be the calculation of individual damages. Many courts have recognized that variations in potential damages awards will not defeat class certification. *Bentley*, 223 F.R.D. at 487; *see also Olden*, 383 F.3d at 508-509 (noting that the issue of liability can be bifurcated from issue of damages; and if liability is found, issue of damages can be decided by special master or by another method). Therefore, the Court concludes that common questions predominate over any questions affecting only individual members.

To determine superiority, Rule 23(b) sets out nonexhaustive list factors to consider:

(A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

Fed.R.Civ.P. 23(b)(3)(A)-(D). There is no indication in the record that any of these factors weigh against certification. Therefore, the Court finds that Plaintiff has met the superiority element, and certification is proper under 23(b)(3).

## III.    CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiffs' Renewed Motion for Class Certification (Doc. 31). The Court certifies the following class:

all beneficiaries of the AK Steel Corporation Noncontributory Pension Plan entitled to a Surviving Spouse Benefit under the Plan, whose benefit has been reduced due to the surviving spouse's eligibility for Social Security benefits earned in his or her own right, and their heirs and assigns entitled to recover benefits which should have been paid during the lifetime of the beneficiary.

**IT IS SO ORDERED.**

_____ */s/ Michael R. Barrett*_____
Michael R. Barrett, Judge
United States District Court