UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUDITH A. PATRICK, et al., | : | Case No.  1:05cv00681 |
| | : | |
| Plaintiffs, | : | Judge Barrett |
| vs. | : | |
| | : | |
| AK STEEL CORPORATION, et al., | :: | |
| | : | |
| Defendants. | : | |

### FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS Class Plaintiffs and Defendant AK Steel Corporation ("Defendant") have entered into a Settlement Agreement dated July 1, 2013, to settle this class action (the "Action"); and,

WHEREAS the Court entered an Order dated July 29, 2013 (the "Preliminary Approval Order"), preliminarily approving the settlement consistent with Fed.R.Civ.P.23 and ordering notice be sent to the Participating Class Members, scheduling a Final Hearing for November 20, 2013, and providing the Participating Class Members with an opportunity either to participate in the settlement, exclude themselves from the settlement, or object to the proposed settlement; and,

WHEREAS the Court held a Final Hearing on November 20, 2013 to determine whether to grant final approval to the proposed settlement;

NOW, THEREFORE, based on the submissions of the Parties on the information provided at the Final Hearing, and on this Court's findings and conclusions, it is hereby

**ORDERED, ADJUDGED AND DECREED** as follows:

1.    **Incorporation of Other Documents**.  This Final Order Approving Class Action Settlement incorporates the Settlement Agreement.  Unless otherwise provided herein, all

1

capitalized terms in this Final Order shall have the same meaning as set forth in the Settlement Agreement.

2.      **Jurisdiction**.  Because adequate notice has been disseminated and all potential Class Members have been given the opportunity to opt-out of this Action, the Court has personal jurisdiction with respect to the claims of all Participating Class Members.  The Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367, including jurisdiction to approve the proposed settlement, and dismiss the Action on the merits with prejudice.

3.      **Adequacy of Representation**.  Class Counsel and the Class Representatives have fully and adequately represented the Class for purposes of entering into and implementing the settlement and have satisfied the requirements of Fed.R.Civ.P.23(a)(4).

4.      **Class Notice**.    The Court finds that all notice requirements, and follow-up procedures, have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a.      constituted the best practicable notice to Participating Class Members under the circumstances of this Action;

    b.      constituted notice that was reasonably calculated, under the circumstances, to apprise Participating Class Members of (i) the pendency of this Action, (ii) the terms and conditions of the Settlement Agreement, their rights thereunder, and instructions on how to submit, and the timetable for submission of, a Claim Form, (iii) their right to exclude themselves from the Class and the proposed settlement and submit an Opt-Out Request, (iv) their right to object to any aspect of the proposed settlement (including the fairness, reasonableness or adequacy of the proposed settlement, the adequacy of the Class's representation by the Class

Representatives or Class Counsel, and/or the award of attorneys'
fees and costs), (v) their right to appear at the Final Hearing, either
on their own or through counsel hired at their own expense, if they
did not exclude themselves from the Class, and (vi) the binding
effect of the Orders and Judgment in this Action, whether
favorable or unfavorable, on all persons who do not file an Opt-
Out Request;

c.      constituted notice that was reasonable, adequate and sufficient
notice to all persons and entities entitled to be provided with
notice; and

d.      constituted notice that fully satisfied the requirements of the
Federal Rules of Civil Procedure (including Fed.R.Civ.P.23(c)(2)
and (e)), and the United States Constitution (including the Due
Process Clause), and any other applicable law.

5.      **Final Settlement Approval**.  The terms and provisions of the Settlement
Agreement have been entered into in good faith and are fully and finally approved as fair,
reasonable and adequate, and in the best interests of each of the Parties and Participating Class
Members. The Parties and Participating Class Members are hereby directed to implement and
consummate the Settlement Agreement according to its terms and provisions.

6.      **Binding Effect**.  The terms of the Settlement Agreement and this Final Order and
the accompanying Final Judgment are binding on the Parties, the Class Representatives, all other
Participating Class Members as well as their heirs, executors and administrators, successors and
assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and
future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to
the extent those claims, lawsuits or other proceedings involve matters that were or could have
been raised in this Action and are encompassed in the Release of Claims set forth in the
Settlement Agreement.

3

7. **Releases.**  The Class Representatives and all Participating Class Members shall be bound by the Release of Claims provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement.  The Release of Claims is effective as of the date of this Final Order and the accompanying Final Judgment.

8. **Enforcement of Settlement.**  Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

9. **Attorneys Fees and Expenses.**  Class Counsel are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the total amount of $800,000.00 to be paid by Defendant to Class Counsel in accordance with the terms and conditions set forth in the Settlement Agreement at paragraphs 21, 35, 38 and 47.

10. **Class Payment**.  Defendant shall pay the Class Payment of $1,700,000.00 in accordance with the terms and conditions set forth in the Settlement Agreement at paragraphs 21, 35, 38 and 47.

11. **Modification of Settlement Agreement.**  The parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the parties' counsel and are consistent with this Final Order and do not limit the rights of the Class Members under the Settlement Agreement.

12. **Vacation of the March 31, 2008 Order**.  The Court vacates in its entirety the March 31, 2008 Order granting Plaintiffs' Motion for Partial Summary Judgment.

13. **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters

relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation,

(a)     enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action in the Action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order or the Final Judgment (including, without limitation, whether a person or entity is or is not a Participating Class Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment);

(b)     entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Participating Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

(c)     entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

14.     **<u>No Admissions</u>.**  Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, nor any action taken to carry out this Final Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against Defendant of the validity of any claim or any actual or potential fault, wrongdoing or liability.  Entering into or carrying out the Settlement Agreement,

and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; *provided, however*, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by Defendant to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

15. **Dismissal of the Action.**  This Action, including all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against the Class Representatives and all other Participating Class Members, without fees or costs to any party except as otherwise provided in this Order and the Final Judgment.

16. **Rule 58 Separate Judgment.**  The Court will separately enter the accompanying Final Judgment in accordance with Fed.R.Civ.P.58.


Dated   November 22, 2013


                                          */s/ Michael R. Barrett*
                              Michael R. Barrett, United States District Judge

6